JS 44 (Rev. 02/19)

# CIVIL COVER SHEET

19cv2079

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Lisa Salvato

**(b)** County of Residence of First Listed Plaintiff    Philadelphia
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Gregg L. Zeff, Esq. and Eva C. Zelson, Esq.
100 Century Parkway, Suite 305
Mt. Laurel, NJ 08054

## DEFENDANTS
City of Philadelphia and Police Commissioner Richard Ross

County of Residence of First Listed Defendant    Philadelphia
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*
Nicole S. Morris, Esq.-Chief Deputy City Solicitor
1515 Arch St. 16th Floor
Philadelphia, PA 19102

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☐ 1 U.S. Government Plaintiff
☒ 3 Federal Question *(U.S. Government Not a Party)*
☐ 2 U.S. Government Defendant
☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☒ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY**   **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane   ☐ 365 Personal Injury - | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product   Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | Liability   ☐ 367 Health Care/ | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel &   Pharmaceutical Slander   Personal Injury | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers'   Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | Liability   ☐ 368 Asbestos Personal ☐ 340 Marine   Injury Product ☐ 345 Marine Product   Liability | | ☐ 835 Patent - Abbreviated New Drug Application ☐ 840 Trademark | ☐ 460 Deportation ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | Liability   **PERSONAL PROPERTY** ☐ 350 Motor Vehicle   ☐ 370 Other Fraud | **LABOR** | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle   ☐ 371 Truth in Lending | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 485 Telephone Consumer Protection Act |
| ☐ 190 Other Contract | Product Liability   ☐ 380 Other Personal | ☐ 720 Labor/Management | ☐ 862 Black Lung (923) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal   Property Damage | Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 850 Securities/Commodities/ |
| ☐ 196 Franchise | Injury   ☐ 385 Property Damage | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | Exchange |
| | ☐ 362 Personal Injury -   Product Liability | ☐ 751 Family and Medical | ☐ 865 RSI (405(g)) | ☐ 890 Other Statutory Actions |
| | Medical Malpractice | Leave Act | | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS**   **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☒ 440 Other Civil Rights   **Habeas Corpus:** | ☐ 791 Employee Retirement Income Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 441 Voting   ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party | ☐ 896 Arbitration |
| ☐ 230 Rent Lease & Ejectment | ☒ 442 Employment   ☐ 510 Motions to Vacate | | 26 USC 7609 | ☐ 899 Administrative Procedure |
| ☐ 240 Torts to Land | ☐ 443 Housing/   Sentence | | | Act/Review or Appeal of |
| ☐ 245 Tort Product Liability | Accommodations   ☐ 530 General | | | Agency Decision |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities -   ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 950 Constitutionality of |
| | Employment   **Other:** | ☐ 462 Naturalization Application | | State Statutes |
| | ☐ 446 Amer. w/Disabilities -   ☐ 540 Mandamus & Other | ☐ 465 Other Immigration | | |
| | Other   ☐ 550 Civil Rights | Actions | | |
| | ☐ 448 Education   ☐ 555 Prison Condition | | | |
| |   ☐ 560 Civil Detainee - | | | |
| |   Conditions of | | | |
| |   Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

☐ 1 Original Proceeding
☒ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from Another District *(specify)*
☐ 6 Multidistrict Litigation - Transfer
☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity):*
Plaintiff alleges violation of her Civil Rights under 42 U.S.C. § 1983.
Brief description of cause:

MAY 13 2019

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____ DOCKET NUMBER _____

DATE
05/13/2019

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

JS 44 Reverse  (Rev. 02/19)

## INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

### Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.(a)**  **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

**(b)**  **County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

**(c)**  **Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.**  **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; **NOTE: federal question actions take precedence over diversity cases.**)

**III.**  **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.**  **Nature of Suit.** Place an "X" in the appropriate box. If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable. Click here for: Nature of Suit Code Descriptions.

**V.**  **Origin.** Place an "X" in one of the seven boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File. (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket. **PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.** Origin Code 7 was used for historical records and is no longer relevant due to changes in statue.

**VI.**  **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553  Brief Description: Unauthorized reception of cable service

**VII.**  **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.**  **Related Cases.** This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

JS

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**CASE MANAGEMENT TRACK DESIGNATION FORM**

Lisa Salvato,                                                    CIVIL ACTION No:

                            Plaintiff,       :

            v.                               :        Formerly
                                             :        Court of Common Pleas
City of Philadelphia and Police              :        Philadelphia County      *19 CV 2079*
Commissioner Richard Ross,                   :
                                             :
                            Defendants.      :        February Term, 2019
                                             :        No: 00540

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.                    ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
    and Human Services denying plaintiff Social Security Benefits.                           ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.   ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from
    exposure to asbestos.                                                                    ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
    commonly referred to as complex and that need special or intense management by
    the court. (See reverse side of this form for a detailed explanation of special
    management cases.)                                                                       ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.           (X)

**May 13, 2019**                    **Nicole S. Morris, Esq.**

**Date**                           **Attorney-at-law**

MAY 13 2019

**215-683-5075**                    **215-683-5099**

**Telephone**                       **FAX Number**

(Civ. 660) 10/02

**Civil Justice Expense and Delay Reduction Plan**
**Section 1:03 – Assignment to a Management Track**

(a)        The clerk of court will assign cases to tracks (a) through (d) based on the initial pleading.

(b)        In all cases not appropriate for assignment by the clerk of court to tracks (a) through (d), the plaintiff shall submit to the clerk of court and serve with the complaint on all defendants a case management track designation form specifying that the plaintiff believes the case requires Standard Management or Special Management.  In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a case management track designation form specifying the track to which that defendant believes the case should be assigned.

(c)        The court may, on its own initiative or upon the request of any party, change the track assignment of any case at any time.

(d)        Nothing in this Plan is intended to abrogate or limit a judicial officer's authority in any case pending before that judicial officer, to direct pretrial and trial proceedings that are more stringent than those of the Plan and that are designed to accomplish cost and delay reduction.

(e)        Nothing in this Plan is intended to supersede Local Civil Rules 40.1 and 72.1, or the procedure for random assignment of Habeas Corpus and Social Security cases referred to magistrate judges of the court.

**SPECIAL MANAGEMENT CASE ASSIGNMENTS**
**(See §1.02 (e) Management Track Definitions of the**
**Civil Justice Expense and Delay Reduction Plan)**

Special Management cases will usually include that class of cases commonly referred to as "complex litigation" as that term has been used in the Manuals for Complex Litigation.  The first manual was prepared in 1969 and the Manual for Complex Litigation Second, MCL 2d was prepared in 1985.  This term is intended to include cases that present unusual problems and require extraordinary treatment.  See §0.1 of the first manual.  Cases may require special or intense management by the court due to one or more of the following factors:  (1) large number of parties; (2) large number of claims or defenses; (3) complex factual issues; (4) large volume of evidence; (5) problems locating or preserving evidence; (6) extensive discovery; (7) exceptionally long time needed to prepare for disposition; (8) decision needed within an exceptionally short time; and (9) need to decide preliminary issues before final disposition.  It may include two or more related cases.  Complex litigation typically includes such cases as antitrust cases; cases involving a large number of parties or an unincorporated association of large membership; cases involving requests for injunctive relief affecting the operation of large business entities; patent cases; copyright and trademark cases; common disaster cases such as those arising from aircraft crashes or marine disasters; actions brought by individual stockholders; stockholder's derivative and stockholder's representative actions; class actions or potential class actions; and other civil (and criminal) cases involving unusual multiplicity or complexity of factual issues.  See §0.22 of the first Manual for Complex Litigation and Manual for Complex Litigation Second, Chapter 33.

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

*19-CV-2079*

**DESIGNATION FORM**
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: _____729 Bergen St., Philadelphia, PA 19111_____

Address of Defendant: _____1515 Arch St., 16th Floor, Philadelphia, PA 19102_____

Place of Accident, Incident or Transaction: _____

---

**RELATED CASE, IF ANY:**

Case Number: _____    Judge: _____    Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?   Yes ☐  No ☑

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?   Yes ☐  No ☑

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?   Yes ☐  No ☑

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?   Yes ☐  No ☑

I certify that, to my knowledge, the within case ☐ is / ☑ is not   related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: _05/13/2019_                                    _88265_
_____                    _____
Attorney-at-Law / Pro Se Plaintiff                    Attorney I.D. # (if applicable)

---

**CIVIL: (Place a √ in one category only)**

**A.    Federal Question Cases:**

☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts
☐ 2. FELA
☐ 3. Jones Act-Personal Injury
☐ 4. Antitrust
☐ 5. Patent
☐ 6. Labor-Management Relations
☑ 7. Civil Rights
☐ 8. Habeas Corpus
☐ 9. Securities Act(s) Cases
☐ 10. Social Security Review Cases
☐ 11. All other Federal Question Cases
         *(Please specify):* _____

**B.    Diversity Jurisdiction Cases:**

☐ 1. Insurance Contract and Other Contracts
☐ 2. Airplane Personal Injury
☐ 3. Assault, Defamation
☐ 4. Marine Personal Injury
☐ 5. Motor Vehicle Personal Injury
☐ 6. Other Personal Injury *(Please specify):* _____
☐ 7. Products Liability
☐ 8. Products Liability – Asbestos
☐ 9. All other Diversity Cases
         *(Please specify):* _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

MAY 13 2019

I, _____Nicole S. Morris_____, counsel of record or pro se plaintiff, do hereby certify:

☑ Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

☑ Relief other than monetary damages is sought.

DATE: _05/13/2019_                                    _88265_
_____                    _____
Attorney-at-Law / Pro Se Plaintiff                    Attorney I.D. # (if applicable)

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

*Civ. 609 (5/2018)*

$400    JS

**IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **Lisa Salvato,** | **Civil Action No:** 19cv2079 |
| **Plaintiff,** | |
| vs. | **Formerly** |
| | **Court of Common Pleas** |
| | **Philadelphia County** |
| **City of Philadelphia and Police Commissioner Richard Ross,** | |
| | **February Term, 2019** |
| **Defendants.** | **No: 00540** |

## NOTICE OF REMOVAL

**To the Honorable Judges of the United States District Court for the Eastern District of Pennsylvania:**

Pursuant to 28 U.S.C. § 1441, defendants City of Philadelphia and Police Commissioner Richard Ross through their counsel, Nicole S. Morris, Chief Deputy City Solicitor, respectfully petition for the removal of this action to the United States District Court for the Eastern District of Pennsylvania. In support thereof, defendants state the following:

1. On February 7, 2019, plaintiff initiated this action by filing a Praecipe to Issue a Writ of Summons in the Court of Common Pleas. See Exhibit A, Plaintiff's Writ.

2. On, May 8, 2019, Plaintiffs filed their complaint in the Court of Common Pleas. See Exhibit B, Plaintiff's Complaint.

3. On, May 8, 2019, said Complaint was served on The City of Philadelphia, and Police Commissioner Richard Ross at the Law Department, 14th Floor, Philadelphia, Pennsylvania.

4. Plaintiff alleges that defendants violated her civil rights in violation of 42 USC § 1983 and the Civil Rights Act of 1964 (Title VII). See Exhibit B, paragraphs 38-44.

5.   This action may be removed to this Court pursuant to 28 U.S.C. § 1441 because Plaintiff's Complaint contains allegations of violations of her Federal Civil Rights and seeks relief under 42 U.S.C. § 1983 and the Civil Rights Act of 1964 (Title VII.

**Wherefore,** petitioner, Nicole S. Morris respectfully request that the Complaint be removed to the United States District Court for the Eastern District of Pennsylvania.

Respectfully submitted,

**NICOLE S. MORRIS**
**Chief Deputy City Solicitor**
**Attorney I.D. No. 88265**
City of Philadelphia Law Department
1515 Arch Street, 16th Floor
Philadelphia, PA  19102
215-683-5075

Date:  May 13, 2019

J S

# IN THE UNITED STATES DISTRICT COURT FOR
# THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **Lisa Salvato,** | **Civil Action No.** 19 cv 2079 |
| **Plaintiff,** | **Formerly** |
| vs. | **Court of Common Pleas** |
| | **Philadelphia County** |
| **City of Philadelphia and Police Commissioner** | |
| **Richard Ross,** | **February Term, 2019** |
| **Defendants.** | **No: 00540** |

## NOTICE OF FILING OF REMOVAL

TO:    Gregg L. Zeff, Esquire
       Eva C. Zelson, Esquire
       100 Century Parkway, Suite 305
       Mt. Laurel, NJ 08054

PLEASE TAKE NOTICE THAT on May 13, 2019, defendants, City of Philadelphia and Police Commissioner Richard Ross filed, in the office of the Clerk of the United States District Court for the Eastern District of Pennsylvania, a verified Notice of Removal.

A copy of this Notice of Removal is attached hereto and is also being filed with the Clerk of the Commonwealth Court of Pennsylvania, pursuant to Title 28, United States Code, Section 1446(e).

**Nicole S. Morris**
**Chief Deputy City Solicitor**
**Attorney I.D. No. 88265**
City of Philadelphia Law Department
1515 Arch Street, 16th Floor
Philadelphia, PA  19102
215-683-5075

JS

## IN THE UNITED STATES DISTRICT COURT FOR
## THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Lisa Salvato, | Civil Action No. /9 c v 2 0 7 9 |
| **Plaintiff,** | |
| vs. | **Formerly** |
| | **Court of Common Pleas** |
| | **Philadelphia County** |
| City of Philadelphia and Police Commissioner Richard Ross, | **February Term, 2019** |
| **Defendants.** | **No: 00540** |

## CERTIFICATE OF SERVICE

I, Nicole S. Morris, Chief Deputy City Solicitor do hereby certify that a true and correct copy of the attached Notice of Removal has been served upon the following by First Class Mail, postpaid, on the date indicated below:

TO:   Gregg L. Zeff, Esquire
      Eva C. Zelson, Esquire
      100 Century Parkway, Suite 305
      Mt. Laurel, NJ 08054

**Nicole S. Morris**
**Chief Deputy City Solicitor**
City of Philadelphia Law Department
1515 Arch Street, 16th^h Floor
Philadelphia, PA  19102
215-683-5075

Date:   May 13, 2019

Exhibit "A"

ZEFF LAW FIRM, LLC
Gregg L. Zeff, Esquire #52648
Eva C. Zelson, Esquire #320699
100 Century Parkway
Suite 305
Mt. Laurel, NJ 08054
(856)778-9700 (T)
(856) 702-6640 (F)
gzeff@glzefflaw.com

Filed and Attested by the
Office of Judicial Records
07 FEB 2019 04:37 pm
A. SILIGRINI

*Attorneys for Plaintiffs*

## IN THE COURT OF COMMON PLEAS
## PHILADELPHIA COUNTY

| | |
|---|---|
| Lisa Salvato<br>729 Bergen Street<br>Philadelphia, PA 19111<br><br>*Plaintiffs.*<br><br>v.<br><br><br>City of Philadelphia<br>One Parkway Bldg., 14th Floor<br>1515 Arch Street<br>Philadelphia, PA 19102<br>*Defendants.* | CIVIL ACTION<br><br><br>No.<br><br><br>JURY TRIAL DEMANDED |

## PRAECIPE TO ISSUE WRIT OF SUMMONS

To The Prothonotary:

Kindly issue a Writ of summons, Civil Action in the above captioned matter.

Respectfully submitted,

ZEFF LAW FIRM, LLC

*/s/Gregg L. Zeff, Esq*
Gregg L. Zeff, Esq.
Dated: February 7, 2019

Case ID: 190200540

Summons
Citacion

# Commonwealth of Pennsylvania
## COUNTY OF PHILADELPHIA

Lisa Salvato

*Plaintiff*

vs.

City of Philadelphia

*Defendant*

: COURT OF COMMON PLEAS
:
: February _____ Term, 20<u>19</u>
:
: No._____
:
:
:
:

To[1]

City of Philadelphia

One Pkwy Bldg, 14th Floor, 1515 Arch St

Philadelphia, PA 19102

# Writ of Summons

You are notified that the Plaintiff[2]
*Usted esta avisado que el demandante*

Lisa Salvato

729 Bergen Street

Philadelphia, PA 19111

Has (have) commenced an action against you.
*Ha (han) iniciado una accion en contra suya.*



ERIC FEDER
*Director, Office of Judicial Records*

By: _____

Date: _____

190200540
07 FEB 2019 04:37 pm
A. SILIGRINI

10-208 (Rev. 6/14)

Case ID: 190200540

[1] Name(s) of Defendant(s)
[2] Name(s) of Plaintiff(s)

# Court of Common Pleas

February _____ Term, 20 19 _____

No. _____

Lisa Salvato
_____
*Plaintiff*

vs.

City of Philadelphia
_____
*Defendant*

# SUMMONS

Exhibit "B"

FIRST JUDICIAL DISTRICT OF PENNSYLVANIA
COURT OF COMMON PLEAS OF PHILADELPHIA

*Filed and Attested by the Office of Judicial Records MAY 2019 03:10 pm M. RUSSO*

Lisa Salvato

v.

City of Philadelphia;

AND

Police Commissioner Richard Ross

## NOTICE TO DEFEND

| NOTICE | AVISO |
|---|---|
| **You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint of for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.** | **Le han demandado a usted en la corte. Si usted quiere defenderse de estas demandas expuestas en las paginas siguientes, usted tiene veinte (20) dias de plazo al partir de la fecha de la demanda y la notificacion. Hace falta ascentar una comparencia escrita o en persona o con un abogado y entregar a la corte en forma escrita sus defensas o sus objeciones a las demandas en contra de su persona. Sea avisado que si usted no se defiende, la corte tomara medidas y puede continuar la demanda en contra suya sin previo aviso o notificacion. Ademas, la corte puede decidir a favor del demandante y requiere que usted cumpla con todas las provisiones de esta demanda. Usted puede perder dinero o sus propiedades u otros derechos importantes para usted.** |
| *You should take this paper to your lawyer at once. If you do not have a lawyer or cannot afford one, go to or telephone the office set forth below to find out where you can get legal help.* | *Lleve esta demanda a un abogado immediatamente. Si no tiene abogado o si no tiene el dinero suficiente de pagar tal servicio. Vaya en persona o llame por telefono a la oficina cuya direccion se encuentra escrita abajo para averiguar donde se puede conseguir asistencia legal.* |
| **Philadelphia Bar Association**<br>**Lawyer Referral**<br>**and Information Service**<br>**One Reading Center**<br>**Philadelphia, Pennsylvania 19107**<br>**(215) 238-6333**<br>**TTY (215) 451-6197** | **Asociacion De Licenciados**<br>**De Filadelfia**<br>**Servicio De Referencia E**<br>**Informacion Legal**<br>**One Reading Center**<br>**Filadelfia, Pennsylvania 19107**<br>**(215) 238-6333**<br>**TTY (215) 451-6197** |

**10-284**

Case ID: 190200540

ZEFF LAW FIRM, LLC
Gregg L. Zeff, Esquire, #52648
Eva C. Zelson, Esquire, #320699
100 Century Parkway, Suite 305
Mt. Laurel, NJ 08054
(856) 778-9700
gzeff@glzefflaw.com                                      *Attorneys for Plaintiff*

## IN THE COURT OF COMMON PLEAS
## PHILADELPHIA COUNTY

| | |
|---|---|
| LISA SALVATO<br>729 Bergen Street<br>Philadelphia, PA 19111<br>*Plaintiff,*<br><br>v.<br><br>CITY OF PHILADELPHIA<br>One Parkway Bldg., 14th Floor<br>1515 Arch Street<br>Philadelphia, PA 19102<br><br>AND<br><br>POLICE COMMISSIONER RICHARD ROSS<br>One Parkway Bldg., 14th Floor<br>1515 Arch Street<br>Philadelphia, PA 19102<br><br>*Defendants.* | CIVIL ACTION<br><br>FEBRUARY TERM 2019<br><br>No. 540<br><br>JURY TRIAL DEMANDED |

## CIVIL COMPLAINT

Plaintiff Lisa Salvato, by and through her attorneys Zeff Law Firm, LLC, hereby brings

this Complaint against the Defendants, the City of Philadelphia and Police Commissioner

Richard Ross.

## PARTIES

1. Plaintiff Lisa Salvato ("Plaintiff") is an adult individual who resides at the above-listed

address.

Case ID: 190200540

2. Defendant City of Philadelphia ("Defendant City") is a municipality with offices located at the above-listed address.

3. Defendant City employed Plaintiff during all times relevant herein.

4. Defendant Police Commissioner Richard Ross ("Defendant Commissioner") has been the Commissioner of the Philadelphia Police Department since 2016. As Commissioner and in his prior role(s) within the Police Department, Commissioner Ross is responsible for promulgating and enforcing all policies, customs and practices of the City Police Department.

## JURISDICTION AND VENUE

5. Jurisdiction is properly laid in this Court as all Defendants are subject to personal jurisdiction in the state of Pennsylvania.

6. All acts and omissions complained of herein occurred in Philadelphia County, Pennsylvania.

## STATEMENT OF FACTS

7. Plaintiff is a current Police Officer for Defendant City. Plaintiff has been employed in that capacity since at least 2012.

8. Plaintiff is qualified for her position, and performs well.

9. In or around 2013, Plaintiff began being subjected to sexual harassment at work. Plaintiff complained about this harassment and was thereafter subjected to retaliation by Defendant City.

10. Plaintiff filed a lawsuit against Defendant City alleging sexual harassment and retaliation.

11. In or around July of 2014, Plaintiff and Defendant City agreed to settle Plaintiff's lawsuit.

12. As a condition of settlement, Defendant City agreed to transfer Plaintiff to the Major Crime Unit.

13. On July 9, 2014, Plaintiff reported to the Major Crime Unit. Plaintiff was immediately told by new coworkers that they had heard about her lawsuit.

14. In or around mid-July of 2014, a new captain, Roland Lee ("Lee") began working at the Major Crime Unit.

15. On his first day of work, Lee approached Plaintiff and said "I know who you are and how you got here".

16. Following this, Lee continually harassed Plaintiff about various issues because Plaintiff had filed a discrimination lawsuit.

17. In or December 2014, Plaintiff approached Lee about a possible internal promotion. Lee responded "[a]s long as I am captain, you aren't going anywhere. If you don't like it, transfer out".

18. Following this comment, Lee continued to harass Plaintiff, and frequently ordered Plaintiff to put the names of other employees on her work so that they got credit for the work.

19. In or around February of 2017, Lee ordered Plaintiff to move her desk to an isolated location.

20. On November 11, 2017, Plaintiff was walking into the building where she worked when a supervisor sped up behind her in his car, forcing Plaintiff to jump out of the way of the speeding car. This incident caused Plaintiff to fear for her life.

21. Immediately following the incident, Plaintiff's supervisor began laughing and bragging that he had "scared" her.

22. Plaintiff had a severe physical reaction to the stress caused by the incident, such that she had to leave work.

23. On November 13, 2017, Plaintiff reported that her supervisor had purposefully almost run her over with his car.

24. Both Lee and Plaintiff's supervisor harassed and berated her for reporting the incident. Plaintiff's supervisor called her an "asshole".

25. In or around July of 2018, Plaintiff was loudly and publicly berated by a coworker.

26. In or around July of 2018, Plaintiff was subjected to fabricated disciplinary charges.

27. On July 16, 2018, Plaintiff filed a Charge with the Equal Employment Opportunity Commission ("EEOC") alleging race and sex discrimination and retaliation.

28. On July 31, 2018, Plaintiff was taken off a case she had been working on for almost two (2) years.

29. The fabricated discipline against Plaintiff is currently pending and could lead to her termination.

30. Defendant City, at the time Plaintiff was sexually harassed and retaliated against and for many years prior, has and had a well settled practice of sexual harassment and retaliation pervading the police department. See, *Vandegrift v. City of Philadelphia*, No, 16-2999 (Opinion of the Honorable Mark A. Kearney, 1/11/17.)

31. Among other things, Defendant City's Police Department maintains a grossly sexist culture in which male employees who engage or engaged in inappropriate sexual conduct are protected.

32. Male employees of all ranks in the Philadelphia police department on a weekly basis barrage female officers with demeaning sexist comments and conduct.

33. Among other things, Defendant City's Police Department's culture, policies and practices protect sexual harassers and cover up sexual abuse by officers.

34. Among other things, Defendant City Police Department retaliates against female officers that make complaints related to sex.

35. The Defendant City's well settled practice of sexual harassment and retaliation pervading the police department encouraged, empowered and permitted Defendant City's employees to retaliate against Plaintiff because of her complaints.

36. Defendant City's policymakers were deliberately indifferent to the well-settled practice of sexual harassment and retaliation pervading the police department.

37. Defendant City's policymakers were deliberately indifferent to the need for proper training and discipline of police officers regrading sexual harassment and retaliation.

## COUNT I
### Plaintiff v. All Defendants
### Violation of 42 U.S.C. § 1983 (Monell)
### Unconstitutional Policy, Practice or Custom

38. Plaintiff incorporates the preceding paragraphs of this Complaint as if same were set forth herein at length.

39. 56. As a result of Defendants' Constitutionally infirm policies, customs and practices described above, Plaintiff has been deprived of her pursuit of Life, Liberty and Happiness, Due Process and other Constitutional Rights in violation of the Fourth and Fourteenth Amendments.

WHEREFORE, Plaintiff demands judgment against Defendants in an amount in excess of $100,000.00 plus interest, costs, attorney's fees.

## COUNT II

**Plaintiff v. Defendant City**
**Violation of Title VII of the Civil Rights Act of 1964: Retaliation**

40. Plaintiff incorporates by reference each allegation contained in the preceding paragraphs as if the same were set forth more fully at length herein.

41. Plaintiff engaged in activity protected by Title VII.

42. Plaintiff filed a lawsuit alleging discrimination

43. Thereafter, Defendant took adverse employment actions against Plaintiff, including, but not limited to, causing her to think she was being violently run over and fabricating discipline against her.

44. There exists a causal connection between Plaintiff's participation of the protected activity and the adverse employment actions.

WHEREFORE, Plaintiff demands judgment against Defendants in an amount in excess of $100,000.00 plus interest, costs, attorney's fees.

**COUNT III**
**Plaintiff v. Defendant City**
**The Pennsylvania Human Relations Act: Retaliation**

45. Plaintiff incorporates by reference each allegation contained in the preceding paragraphs as if the same were set forth more fully at length herein.

46. Plaintiff engaged in activity protected by the Pennsylvania Human Relations Act.

47. Plaintiff filed a lawsuit alleging discrimination.

48. Thereafter, Defendant took adverse employment actions against Plaintiff, including, but not limited to, causing her to think she was being violently run over and fabricating discipline against her.

49. There exists a causal connection between Plaintiff's participation of the protected activity and the adverse employment actions.

WHEREFORE, Plaintiff demands judgment against Defendants in an amount in excess of $100,000.00 plus interest, costs, attorney's fees.

ZEFF LAW FIRM, LLC

/s/*Gregg L. Zeff, Esq.*
Gregg L. Zeff, Esq.
*Attorney for Plaintiffs*